**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL DAVIE, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-5769 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| BARNEGAT BOARD OF EDUCATION | : |
| Defendant. | : |

**COOPER, District Judge**

The plaintiff, Michael Davie ("plaintiff"), commenced this action in New Jersey Superior Court alleging violations of his constitutional rights pursuant to 42 U.S.C. § ("Section") 1983, and violations of his rights under the New Jersey Law Against Discrimination ("NJLAD") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). (Dkt. entry no. 1, Notice of Removal, Ex. A, Compl. at 9, 11, 12.) The defendant removed the action pursuant to 28 U.S.C. § 1331 on November 12, 2009. (Notice of Removal.) The defendant, the Barnegat Board of Education ("defendant"), now moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). (Dkt. entry no. 3, Mot. to Dismiss.) The plaintiff opposes the motion. (Dkt. entry no. 5, Pl. Br. at 1.) The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will deny the motion.

**BACKGROUND**

The plaintiff commenced this action seeking to recover damages from the defendant for <u>inter</u> <u>alia</u>, failing to provide him with a free and appropriate education.  (Pl. Br. at 1.)  He graduated from Barnegat High School in or around June 2009.  (Compl. at 2.)  He was enrolled within the Barnegat Township School District ("school district") from September 2005 to June 2009.  (<u>Id.</u> at 3.)  The plaintiff states that he suffers from Erb's palsy, severe attention deficit hyperactivity disorder, explosive behavior disorder, bi-polar disorder, and depression.  (<u>Id.</u>)  He states that he was entitled to special education and related services while enrolled in the school district.  (<u>Id.</u>)

During his sophomore year, the plaintiff was placed in a vocational program at Ocean County Vocational Technical School ("vocational program").  (<u>Id.</u> at 4.)  The school district then determined that he should be placed half-day in the vocational program and half-day in a behavioral group classroom.  (<u>Id.</u> at 5.)  The plaintiff alleges that a psychiatrist evaluated him and determined he did not require placement in the behavioral classroom.  (<u>Id.</u>)  The plaintiff alleges that the psychiatrist later, at the advice of a school district representative, amended the evaluation stating that the plaintiff should, in fact, be placed in the behavioral classroom.  (<u>Id.</u>)  The plaintiff contends that his placement in the behavioral classroom harmed

his behavior and well-being. (Id.) He states that he received no instruction or supervision in the behavioral classroom and only played video games and "surfed" the internet. (Id. at 6.)

The plaintiff's parents requested that he be removed from this classroom but the school district refused. (Id.) The plaintiff was finally removed from the behavioral classroom at the end of his junior year. (Id. at 7.) He commenced mainstream day classes in September of his senior year. (Id.) The plaintiff suffered in the mainstream environment and requested to be transferred back to the behavioral classroom. (Id.) He returned to the behavioral classroom and he alleges that he again received no instruction or supervision. (Id. at 8.) In January 2009, the plaintiff requested homebound instruction and he left the behavioral classroom. (Id.)

The plaintiff alleges that he was denied a free and appropriate public education, suffered damage to his cognitive ability and development, and has suffered loss of income, diminishment of career opportunity and potential for employability, emotional trauma, and distress. (Id. at 9.) The plaintiff seeks to recover compensatory damages, emotional distress damages, damages for physical manifestations of pain and suffering, and punitive damages.

**DISCUSSION**

**I.    Motion to Dismiss Standards**

   **A.    12(b)(1) Standard**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). Such motion may be made at any time. Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. Id. at 438. Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint. Iwanowa, 67 F.Supp.2d at 438. Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims." Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993). The Court may

4

consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438.  The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed.  Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (explaining that a defendant may factually attack subject matter jurisdiction before filing an answer); see Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

**B.   12 (b)(6) Standard**

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

(2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

## II.   Legal Standards for the Plaintiff's Causes of Action

### A.   Section 504

Section 504 provides that:

> [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency[.]

29 U.S.C. § 794(a). A student or former student can state a claim under Section 504 by showing that (1) he or she is "disabled" under the act, (2) he or she is "otherwise qualified" to participate in school activities, (3) the defendant receives federal financial assistance, and (4) he or she "was excluded from participation in, denied the benefits of or subject to discrimination at, the school." Andrew M v. Del. County Office of Mental Health & Mental Retardation, 490 F.3d 337, 350 (3d Cir. 2007); Tereance D. v. Sch. Dist. Of Phila., 548 F.Supp.2d 162, 168 (E.D. Pa. 2008).

The Rehabilitation Act does not require a plaintiff to exhaust any remedies before commencing an action alleging that an entity receiving federal funding discriminated against the

plaintiff on the basis of a disability in violation of Section 504. Burkhart v. Widener Univ., Inc., 70 Fed.Appx. 52, 53-54 (3d Cir. 2003); see Freed v. Consol. Rail Corp., 201 F.3d 188, 194 (3d Cir. 2000) ("[S]ection 504 plaintiffs may proceed directly to court without pursuing administrative remedies.")  On the other hand, the Individuals With Disabilities Education Act ("IDEA") states that before filing a civil action under, among other laws, the Rehabilitation Act, "seeking relief that is also available under" the IDEA, the administrative procedures under the IDEA must be "exhausted to the same extent as would be required had the action been brought under [the IDEA]." See 20 U.S.C. § 1415(l). "Where a plaintiff brings an action under Section 504 . . . seeking relief that is also available under the IDEA, exhaustion of the administrative remedies provided by the IDEA is required 'to the same extent as would be required had the action been brought under [the IDEA]'." Derrick F. v. Red Lion Area Sch. Dist., 586 F.Supp.2d 282, 295 (M.D. Pa. 2008) (citing 20 U.S.C. § 1415(l)).

    **B.   NJLAD**

NJLAD provides in relevant part that "[a]ll persons shall have the opportunity . . . to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. § 10:5-4.  A "place of public accommodation" includes

7

primary and secondary schools.  N.J.S.A. § 10:5-5(l).  Further, "disability" is defined as, <u>inter</u> <u>alia</u>, "any mental, psychological or developmental disability resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically."  N.J.S.A. § 10:5-5(q).  All of the provisions of NJLAD must be construed "to prohibit any unlawful discrimination against any person because such person is or has been at any time disabled."  N.J.S.A. § 10:5-4.1.  NJLAD does not require a plaintiff to exhaust any administrative remedies before commencing an action.  <u>Mitchell v. W. Union</u>, No. 06-949, 2007 WL 4440885, at *3 n.6 (D.N.J. Dec. 18, 2007).  The IDEA's exhaustion requirement does not apply to state laws such as NJLAD.  <u>See</u> 20 U.S.C. § 1415(l).  Compensatory and punitive damages are available under NJLAD.  <u>J.M. v. E. Greenwich Twp. Bd. of Educ.</u>, No. 07-2861, 2008 WL 819968, at *7 (D.N.J. Mar. 25, 2008).

    **C.**    **Section 1983**

    To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d. Cir. 1994).

8

**III. Current Motion**

    **A.   12(b)(1)**

The defendant contends that the matter should be dismissed because the plaintiff failed to exhaust his administrative remedies as required by the IDEA. (Dkt. entry no. 3, Def. Br. at 2.) The defendant states that the Court lacks subject matter jurisdiction over this matter because there has been no final decision in an administrative process. (Id.) It further contends that a plaintiff may not circumvent the exhaustion requirement by taking claims that could have been brought under the IDEA and repackaging them as claims under another statute. (Id. at 4.) It contends that all of the plaintiff's claims arise out of the IDEA and are thus subject to the administrative exhaustion requirement. (Id. at 5.)

The defendant specifically argues that the plaintiff's Section 504 claim should be dismissed because the plaintiff failed to exhaust his administrative remedies. (Id.) The defendant contends that when Section 504 claims are based in alleged IDEA violations, exhaustion is required. (Id.) The defendant contends that if a plaintiff is seeking monetary damages, he must first exhaust his administrative remedies. (Id. at 6.) It further argues that the plaintiff's failure to pursue any administrative remedies mandates the dismissal of this claim at this time. (Id. at 10.)

The defendant further contends that the plaintiff's Section 1983 claim must be dismissed as a matter of law. (Def. Br. at 12.) It argues that plaintiffs are not permitted to allege both Section 504 violations and Section 1983 violations. (Id. at 12-13.) The defendant further states that the NJLAD claim must be dismissed because it is also subject to administrative exhaustion requirements. (Id. at 13.)

The plaintiff contends that he is not required to exhaust administrative remedies because he is seeking to challenge the integrity of the defendant's special education program and its district wide pattern of violating the rights of disabled students to receive educational services. (Pl. Br. at 2.) He asserts that this case is not about his placement in various classroom settings or any substantive determinations made with respect to his placement. (Id. at 16.) The plaintiff contends that "[t]his case is about the structure of the [school] system, during the plaintiff's tenure within the district, with respect to educating disabled students and the discriminatory practices employed by the defendant." (Id.)

The plaintiff further argues that he is not required to exhaust administrative remedies for actions brought under Section 504 or Section 1983. (Id. at 22.) The plaintiff contends that Section 504 allows a plaintiff to proceed directly to court without first exhausting administrative remedies. (Id.) The

10

plaintiff states that to determine whether a plaintiff is subject to exhaustion requirements, the Court should focus on the relief sought by the plaintiff.  (Id.)  If the relief sought is unavailable under the IDEA, then the plaintiff is not required to exhaust his administrative remedies.  (Id. at 23.)

The plaintiff further argues that even if he were required to exhaust his administrative remedies, his claim would fall into the futility exception to the exhaustion requirement.  (Id. at 26.)  The plaintiff contends that it is well-settled that a plaintiff may bypass the administrative process when he is alleging systemic failure and seeking system-wide relief.  (Id.)

The defendant states that the plaintiff's argument, that he is seeking system-wide relief, fails because he seeks individual remedies, and not an overhaul of the system and its practices. (Dkt. entry no. 7, Reply Br. at 1.)  The defendant acknowledges that exhaustion can be excused when the plaintiff is alleging system-wide deficiencies, but notes that a party alleging such deficiencies must seek something more than individual monetary remedies necessary to make him whole.  (Id. at 4.)  The defendant states that the Complaint is entirely predicated on the failure to provide the plaintiff with a fair and appropriate education and not a systemic failure.  (Id. at 5.)  The defendant states that the plaintiff cannot circumvent the exhaustion requirement by recasting his IDEA claim as a Section 1983, Section 504, or

11

NJLAD claim. (Id. at 2.) The defendant states that the plaintiff's claims are predicated upon IDEA violations and thus subject to the exhaustion requirement. (Id. at 3.) The defendant further states that the plaintiff's NJLAD claim is also predicated on IDEA violation and thus necessitates exhaustion. (Id.)

### B.   12(b)(6)

The defendant argues, in the alternative, that the Complaint should be dismissed pursuant to 12(b)(6). (Def. Br. at 12.) The defendant first contends that the Section 1983 claims must be dismissed because a party cannot allege a violation of Section 504 and Section 1983. (Id. at 12-13.) The defendant further contends that the plaintiff's state law claims must be dismissed as a matter of law. (Id. at 13.)

The plaintiff contends that his Section 1983 claim is valid because it is based on constitutional and not statutory rights. (Pl. Br. at 28.) The plaintiff contends that by denying him access to extracurricular activities and events, the school district violated his equal protection rights. (Id.)

The defendant replies, stating that the plaintiff's Section 1983 claim is based on an alleged Section 504 claim and as such, must be dismissed. (Id.)

### C. Analysis of Motion

The Court finds the defendant's argument without merit. A plaintiff who brings an action for compensatory damages under Section 504 and NJLAD is not required to exhaust administrative remedies before bringing and action in a district court. See Sheffy v. Cent. Dauphin Sch. Dist., No. 06-2423, 2009 WL 904960, at *7 (M.D. Pa. Mar. 31, 2009) ("[W]hen bringing an action for compensatory damages alone under these acts, there is no need to fully exhaust.") "[C]ompensatory and punitive damages are not an available remedy under the IDEA." Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 186 (3d Cir. 2009). Such damages are, however, available for violations of Section 504 and NJLAD. See Baker v. S. York Area Sch. Dist., No. 08-1741, 2009 WL 4793954, at *2 (M.D. Pa. Dec. 8, 2009) ("Unlike the IDEA, however, the Rehabilitation Act does provide an avenue for seeking compensatory damages." (citation omitted)); Derrick F., 586 F.Supp.2d at 297; Neena v. Sch. Dist. of Phila., No. 05-5404, 2008 WL 5273546, at *15 (E.D. Pa. Dec. 19, 2008)(stating that compensatory damages were available under Section 504); J.M., 2008 WL 819968, at *7. Even when Section 504 claims are based on the same conduct as IDEA claims, plaintiffs may still proceed directly to court if they seek compensatory damages. Derrick F., 586 F.Supp.2d at 297; see also P.W. v. Del. Valley Sch. Dist., No. 09-480, 2009 WL 5215397, at *6 (M.D. Pa. Dec. 29, 2009) ("The

Third Circuit Court of Appeals has recently held that 'compensatory and punitive damages are not an available remedy under the IDEA.'  Since the law provides that 'the exhaustion requirement is limited to actions seeking relief 'also available' under IDEA,' the court finds that exhaustion was not necessary here on plaintiffs [Rehabilitation Act] claim[s]."); Weidow v. Scranton Sch Dist., No. 08-1978, 2009 WL 2588856, at *8 (M.D. Pa. Aug. 9, 2009) ("While a plaintiff cannot deliberately delay bringing an action to receive compensatory damages in lieu of relief through the IDEA administrative process, there is no indication that [the plaintiff] so delayed in this case. . . . Because [the plaintiff] seeks relief that is unavailable under the IDEA, she is not subject to the exhaustion requirements.").

 The plaintiff here seeks compensatory and punitive damages. These types of damages are unavailable under the IDEA, and as such, the plaintiff is not subject to exhaustion requirements. The Court will deny the part of the defendant's motion seeking to dismiss the Section 504 claim and NJLAD claim for failure to exhaust.

 The Court will also deny the part of the defendant's motion seeking to dismiss the Section 1983 claim.  While the Complaint does not specify the constitutional violation the plaintiff alleges, the plaintiff states, in his brief, that the Section 1983 claim is premised on an equal protection violation.  To

14

survive a motion to dismiss a Section 1983 claim premised on an equal protection violation, a plaintiff needs only to "allege . . . that [the plaintiff] received different treatment from other similarly situated individuals or groups." <u>James S. v. Sch. Dist. of Phila.</u>, 559 F.Supp.2d 600, 623 (E.D. Pa. 2008).  The plaintiff here states that the defendant denied him educational opportunities that it provided to other students.  (Compl. at 11.)  At the motion to dismiss stage, this is sufficient.  The plaintiff here has "pled sufficient facts, if proved, to establish that the defendants denied [him] educational opportunities provided to students without disabilities."  <u>James S.</u> 559 F.Supp.2d at 627.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will deny the defendant's motion to dismiss.


                                        <u>  s/Mary L. Cooper          </u>
                                        **MARY L. COOPER**
                                        United States District Judge


Dated:    March 24, 2010

15